

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Modon Curry, | |
| Plaintiff, | ECF CASE |
| -against- | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Angus MacKenzie, Undercover Number 39, John Does 1 and 2, | |
| Defendants | |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of the plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution.

## JURISDICTION

2. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The plaintiff demands a trial by jury on each and every one of his claims as

pled herein.

## PARTIES

6. Plaintiff Modon Curry is a resident of the State of New York.

7. At all relevant times herein, defendants Angus MacKenzie ("Detective MacKenzie"), Undercover Number 39 ("UC 39") and John Does 1 and 2 were employed by the New York City Police Department ("NYPD") and were each acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8. At all times relevant herein, Detective MacKenzie had shield number 6284. He was the arresting officer of Mr. Curry.

9. Plaintiff is unable to determine the actual name of John Does 1 and 2 and thus sues them under fictitious names.

10. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

11. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. Shortly before five o'clock in the afternoon of April 16, 2014, plaintiff Modon

Curry was legally on West 114th Street between Frederick Douglass and Adam Clayton Powell, Jr. Boulevards when he was approached by Detective MacKenzie and another NYPD officer, a defendant herein, who asked him what he had in his pockets.

13. Mr. Curry, who understood this to mean whether he had anything illegal in his pockets, responded "nothing," or words to that effect.

14. This notwithstanding, Detective MacKenzie placed Mr. Curry in handcuffs and commenced to search his clothing.

15. After Mr. Curry was arrested and searched, he was placed by the officers into a NYPD prisoner van.

16. After several hours in the van, handcuffed the entire time, Mr. Curry was eventually brought in the van to the NYPD's 25th Precinct.

17. At the precinct, Mr. Curry was subjected to an humiliating and degrading strip search in which three officers were present, including Detective Mackenzie.

18. Mr. Curry was eventually taken to Central Booking in lower Manhattan.

19. After approximately a day in police custody, Mr. Curry was arraigned on a felony complaint (the "Felony Complaint") charging him with two counts of Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39(1)), each a class "B" felony.

20. The Felony Complaint alleged that on both November 27, 2013 and April 16, 2014, UC 39 "engaged in a narcotics related conversation" with Mr. Curry and directed him, respectively, to a location where and to person from whom to purchase narcotics. According

to the Felony Complaint, UC 39 purchased crack cocaine from an individual on both occasions, but that on both occasions that individual was not apprehended.

21. Mr. Curry did not engage in these conversations as alleged on the dates in question. Nor did he on the dates in question direct anyone to any location where or to any person from whom to purchase drugs.

22. Bail was set at Mr. Curry's arraignment on the Felony Complaint in the amount of $15,000.

23. As he was not able to make bail, he remained incarcerated until April 30, 2014.

24. On or about October 31, 2014, after several court dates, the New York County District Attorney's office moved to dismiss the case against Mr. Curry. The application was granted and the case was dismissed and sealed.

25. Detective MacKenzie and/or UC 39 prepared and signed police reports relating to Mr. Modon's arrest.

26. In preparing those reports, Detective MacKenzie and/or UC 39 falsified information relating to their interactions and observations, if any, of Mr. Modon.

27. Detective MacKenzie and/or UC 39 provided these false reports as well false oral statements to one or more prosecutor from the New York County District Attorney's office, including Assistant District Attorney Brendan Tracy.

28. Any information provided by to ADA Tracy or other prosecutors by Detective MacKenzie or UC 39 implicating Mr. Modon in the sale of drugs as alleged in the Felony Complaint was false.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## 42 U.S.C.§ 1983

29. All other paragraphs herein are incorporated by reference as though fully set forth.

30. The aforementioned acts deprived the plaintiff of the rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

33. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. The defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## SECOND CAUSE OF ACTION
## False Arrest under 42 U.S.C. § 1983

35. All other paragraphs herein are incorporated by reference as though fully set

forth.

36. By intentionally confining, arresting, imprisoning and detaining the plaintiff without probable cause, privilege or consent, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

### THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983

37. All other paragraphs herein are incorporated by reference as though fully set forth.

38. In initiating the criminal proceedings against the plaintiff with malice and without probable cause to believe the proceeding, which were terminated in the plaintiff's favor, could succeed, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

### FOURTH CAUSE OF ACTION
### Unlawful Search under 42 U.S.C. § 1983

39. All other paragraphs herein are incorporated by reference as though fully set forth.

40. By strip searching and performing a visual body cavity search of the plaintiff in the absence of any individualized reasonable suspicion he was concealing weapons or contraband, the defendants engaged under color of law in the violation of his rights under the

Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches.

## FIFTH CAUSE OF ACTION
### Denial of Right to a Fair Trial under 42 U.S.C. § 1983

41.     All other paragraphs herein are incorporated by reference as though fully set forth.

42.     By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, the defendants engaged under color of law in the violation of the plaintiff's right to a fair trial under the Fifth and/or Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, the plaintiff requests that this Court:

1.     Assume jurisdiction over this matter;

2.     Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

3.     Award the plaintiff reasonable costs, disbursements and attorneys fees; and

4.     Grant any other relief the Court deems appropriate.

Dated: New York, New York
       March 16, 2015

Respectfully submitted,

Darius Wadia, L.L.C.

_____
By: Darius Wadia (Bar number DW8679)
*Attorney for the Plaintiff*
186 Joralemon Street, Suite 1202
Brooklyn, New York   11201
(212) 233-1212
dwadia@wadialaw.com